| | |
|---|---|
| DeMarian Clemons,<br><br>    Plaintiff<br><br>v.<br><br>Warden Gentry,<br><br>    Defendant | 2:17-cv-02071-JAD-CWH<br><br>**Order Denying Pauper Status and Appointment of Counsel**<br><br>[ECF Nos. 1, 2] |

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEVADA

Pro se plaintiff DeMarian Clemons is a prisoner at the Southern Desert Correctional Center. He brings this civil-rights action under 42 U.S.C. § 1983 against Warden Gentry and two nurses at the prison, alleging that they violated his constitutional rights in the medical treatment of his finger.[1] Clemons applies for pauper status and appointed counsel.[2]

## Discussion

Title 28 of the United States Code § 1915(g) allows an indigent prisoner to file a civil-rights action without prepaying fees, but that right is lost "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Once a plaintiff prisoner collects three of these strikes, he may not proceed *in forma pauperis* and instead must pay the full $400 filing fee in advance unless he demonstrates that he is "under imminent danger of serious physical injury."[3]

Clemons has filed at least three lawsuits that were dismissed for failure to state a claim upon which relief may be granted, so he cannot be granted pauper status unless he has shown an imminent danger of serious physical injury. In Clemons's July 28, 2017, complaint, he alleges

---

[1] ECF Nos. 1, 1-1, 2.

[2] ECF Nos. 1, 2.

[3] 28 U.S.C. § 1915(g).

that, in October 2016, prison officials failed to provide him treatment for a spider bite on his finger because they negligently diagnosed his injury as a "jammed finger," and this caused him pain.[4] These allegations do not plausibly show that Clemons was in imminent danger of serious physical injury at the time of filing.[5] Clemons must therefore pay the $400 filing fee now if he wants to proceed with this lawsuit.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* **[ECF No. 1] is DENIED; Clemons must pay the $400 filing fee in full by February 23, 2018, or this action will be dismissed without prejudice** and without further prior notice.

The **Clerk of the Court is directed to SEND Clemons two copies of this order**. If Clemons pays the $400 filing fee, he must make the necessary arrangements to have one copy of this order attached to the check that pays the filing fee. **The Clerk of Court is also directed to retain, but not yet file, the complaint** [ECF No. 1-1].

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 2] is DENIED** without prejudice to the filing of a new motion for appointment of counsel if Clemons timely pays the $400 filing fee.

DATED: January 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *See generally* ECF No. 1-1.

[5] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).